FILED

MAY 29 2019

Clerk, U.S. District Court
Eastern District of Tennessee
At Chattanooga

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | **1:18-cr-11** |
| v. | ) | |
| | ) | **Judge Mattice/Steger** |
| JERRY WAYNE WILKERSON, | ) | |
| MICHAEL CHATFIELD, | ) | |
| KASEY NICHOLSON, | ) | |
| BILLY HINDMON, and | ) | |
| JAYSON MONTGOMERY | ) | |

## THIRD SUPERSEDING INDICTMENT

### *INTRODUCTION*

1.     From in or about March 2014, through in or about June 2016, the defendants,
JERRY WAYNE WILKERSON (also known as "Wayne"), MICHAEL CHATFIELD, KASEY
NICHOLSON, BILLY HINDMON and JAYSON MONTGOMERY, and others known and
unknown, were involved in a scheme to defraud health insurance providers and government
funded insurance by marketing topical creams and other medications to individuals with
reimbursable prescription drug coverage plans that paid for the creams and medications.

### *BACKGROUND*

2.     The defendants implemented the scheme using the following techniques: the
defendants solicited customers, some with private health insurance, others with government
funded health insurance, to order the creams and medications while withholding information.
As an inducement to order the creams and medications, the defendants sometimes informed the
customers that they would be compensated for participating in a "study," "trial" or an
"evaluation" regarding the medications.   Also, the defendants frequently informed the customers
that they (the customers) would not be required to make a co-payment ("co-pay") for the
medications.   The customers rarely paid a co-pay for the creams they received; in the event that
a customer made a co-pay, the defendants would reimburse the customer directly for the co-pay

or through some other means. The defendants informed the customers that the creams and medications would treat a variety of ailments, including pain, eczema, psoriasis, stretch marks, warts and other conditions.

3. The defendants, particularly JERRY WAYNE WILKERSON, employed the services of health care professionals for the purposes of writing prescriptions for topical creams and medications for the customers recruited by the defendants and others working on their behalf. Sometimes the customers were contacted by health care professionals. When a health care professional obtained information from the customer, that information was generally taken over the telephone; seldom did a customer/patient appear in person before a health care professional. The prescriptions were then sent to compounding pharmacies; after the prescriptions were filled, the pharmacies would then bill the health insurance provider or government funded insurance. The defendants then received a commission from the dispensing pharmacy in the form of a large percentage of the amount paid for the creams/medications by the health insurance provider or government funded insurance.

4. The defendants also solicited others to work under their direction to market the topical creams and other medications. Sometimes, the customers would be given a commission on creams/medications that the customers themselves ordered. On other occasions, the customers would be compensated by the defendants for recruiting customers who ordered the creams/medications.

### *INFORMATION ON INSURERS AND COMPOUNDED DRUGS*

#### The TRICARE Program

5.     TRICARE is a healthcare program of the United States Department of Defense ("DoD") Military Health System that provides coverage for DoD beneficiaries worldwide, including active duty service members, National Guard and Reserve members, retirees, and their families and survivors.   TRICARE is a "health care benefit program" and "federal health care program" as defined 18 U.S.C. § 24(b) and 42 U.S.C. § 1320a-7b(f).   TRICARE provides coverage for certain prescription drugs, including certain compounded medications, when medically necessary and prescribed by a licensed physician.   Express Scripts, Inc. ("Express Scripts") administers TRICARE's prescription drug benefits.

#### Private Health Insurers

6.     Private health insurers, also known as "health care benefit programs" as defined by 18 U.S.C. § 24(b), include any public or private plan or contract, affecting commerce, under which any medical benefit, item, or service is provided to any individual, and includes any individual or entity who is providing a medical benefit, item, or service for which payment may be made under the plan or contract.   Generally, individuals obtain private health insurance through their employers or through the open market.   Examples of private health insurance providers include Blue Cross/Blue Shield of Tennessee, Blue Cross Blue Shield of Illinois, United Healthcare, Medco, Aetna, Express Scripts, CVS Caremark, Humana, and Catamaran. This type of "health care benefit program" is frequently referred to as "health insurance."

#### Compounded Drugs

7.     "Compounding" is a practice in which a licensed pharmacist, a licensed physician, or, in the case of an outsourcing facility, a person under the supervision of a licensed pharmacist, combines, mixes, or alters ingredients of a drug or multiple drugs to create a drug

tailored to the needs of an individual patient. "Compounding pharmacies" are businesses that specialize in creating compounded medications. Compounded drugs may be prescribed when other available drugs do not meet the health needs of a particular patient. For example, if a patient is allergic to a specific ingredient in an otherwise available medication, such as a dye or a preservative, a compounded drug can be prepared excluding the substance that triggers the allergic reaction. As another example, compounded drugs may also be prescribed when a patient cannot consume a medication by traditional means, such as an elderly patient or child who cannot swallow a pill and needs the drug in a liquid form that is not otherwise available.

### *SCHEME TO DEFRAUD*

8.      The scheme to defraud included the solicitation of customers, many of whom had no pre-existing medical condition or need, to receive prescription topical creams for pain, wounds, scars, stretch marks, and other ailments. The customers were also encouraged to order wellness pills or other types of medications that were not creams. The customers included, among others, family members, friends, acquaintances, and co-workers of the defendants. Some of the defendants signed up for creams or medications in their own names and received commissions on those medications.

9.      As part of the scheme to defraud, the defendants formed corporations or Limited Liability Corporations ("LLCs") for the purposes of marketing the topical creams and medications. Defendant JERRY WAYNE WILKERSON created Top Tier Medical, LLC ("Top Tier"). Defendant JERRY WAYNE WILKERSON, through Top Tier, would pay some co-defendants their percentage of the proceeds for customers those co-defendants had secured. Defendant JERRY WAYNE WILKERSON also used Saige Medical, LLC, to make payments related to the scheme. The other defendants named herein also formed companies: defendant MICHAEL CHATFIELD incorporated Top Shelf, Inc.; defendant KASEY NICHOLSON

Page **4** of **34**

formed KLN Consulting, LLC; defendant BILLY HINDMON created BTG Consulting, LLC; and defendant JAYSON MONTGOMERY created JCM Marketing, LLC. The defendants encouraged others to create their own LLCs for the purposes of marketing the topical creams and medications. These defendants, MICHAEL CHATFIELD, KASEY NICHOLSON, BILLY HINDMON and JAYSON MONTGOMERY, through their corporations/LLCs, received a commission through defendant JERRY WAYNE WILKERSON, Top Tier and the dispensing pharmacy in the form of a percentage of the amount paid for the creams by health insurance providers.

10.    It was further part of the scheme to defraud to occasionally use a means of identification of a customer to obtain prescriptions without the customer's authorization or knowledge.

11.    It was further part of the scheme to defraud that the defendants used materially false pretenses, representations, and misstatements to obtain fraudulently inflated financial compensation from health insurance providers or TRICARE for the topical creams and medications. The defendants executed the scheme, in part, as follows: by submitting claims that maintained the false pretenses that the customers were paying a co-pay, or hiding the fact that the defendants were providing money to some customers to make it appear as though the customers were paying the co-pays; or by targeting customers with insurance that would pay for the medications; or hiding the fact that the defendants were misleading or not informing customers about the price of the medication; or materially misrepresenting to customers that they were participating in an evaluation, trial or study; or ordering automatic refills for the customers on the medications thereby maximizing commissions to the defendants; or disguising that the defendants were ordering medications for themselves and collecting a commission on those medications; or concealing that the defendants were receiving a commission based upon a

Page **5** of **34**

percentage of the amount that the pharmacy was able to bill the health insurance provider or TRICARE for such prescriptions; or misrepresenting and concealing that it was the marketers/defendants themselves who suggested which creams or medications to order; or by concealing that the defendants were paying commissions to others downlinked from them who marketed the medications.

12.    It was further part of the scheme to defraud to give financial compensation to persons who signed up to receive the topical creams or medications.

13.    It was further part of the scheme to defraud to modify the prescription products offered to customers based upon the reimbursement rates paid by the health insurance provider in order to fraudulently maximize commission payments for the defendants.

14.    It was further part of the scheme to defraud for the defendants and others to obtain health insurance and subsequently obtain prescriptions in order for the health insurance provider to pay for such products.

15.    It was further a part of the scheme to defraud that the defendant, JERRY WAYNE WILKERSON, employed health care professionals to approve the creams and medications thereby avoiding any independent determination by a health care professional in order to assess the medical necessity for the medications.

16.    It was further part of the scheme to defraud that the defendants did not reveal to the private health insurance providers or TRICARE that payments were being made to doctors, marketers, customers and other individuals involved in the submission of claims for reimbursement for compounded drugs as set forth above, or that the health care professionals employed by defendant JERRY WAYNE WILKERSON had not fully examined and treated the customers prior to prescribing the compounded drugs.

17.     During this scheme to defraud, the defendants were cumulatively responsible for billing millions of dollars to private health insurance companies and TRICARE.

## COUNT 1
### JERRY WAYNE WILKERSON, MICHAEL CHATFIELD, KASEY NICHOLSON, BILLY HINDMON and JAYSON MONTGOMERY
CONSPIRACY TO COMMIT HEALTH CARE FRAUD
Title 18, United States Code, Section 1349

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury charges that from in or about March 2014, through in or about June 2016, the defendants, JERRY WAYNE WILKERSON, MICHAEL CHATFIELD, KASEY NICHOLSON, BILLY HINDMON and JAYSON MONTGOMERY, and others known and unknown to the Grand Jury, did knowingly and intentionally conspire, combine, confederate and agree to commit certain offenses, namely:

Health Care Fraud, by knowingly and willfully executing, attempting to execute, and participating in a scheme and artifice to defraud a health care benefit program and to obtain, by means of false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, contrary to Title 18, United States Code, Section 1347.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS 2 THROUGH 23
### JERRY WAYNE WILKERSON
WIRE FRAUD
Title 18, United States Code, Section 1343

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, JERRY WAYNE WILKERSON, aided and

abetted by others, devised, intended to devise, and participated in a scheme to defraud and obtain

money by means of materially false and fraudulent pretenses, representations and promises, for

the purpose of executing the scheme described above, and attempting to do so, transmitted and

caused to be transmitted by means of wire communication in interstate commerce writings,

signs, signals, pictures, and sounds described below for each count, each transmission

constituting a separate count:

| COUNT | DATE | DEFENDANT | WIRE COMMUNICATION |
|-------|------|-----------|--------------------|
| 2 | 4/3/14 | WILKERSON | Faxed prescription for JWW to Willow Pharmacy |
| 3 | 4/30/14 | WILKERSON | Faxed prescription for JWW to Willow Pharmacy |
| 4 | 5/19/14 | WILKERSON | Wire payment from Willow Pharmacy in the amount of $475,400.21 |
| 5 | 6/9/14 | WILKERSON | Email from WW to MC, BH, KG |
| 6 | 6/13/14 | WILKERSON | Wire payment from Willow Pharmacy in the amount of $2,953,985.20 |
| 7 | 6/17/14 | WILKERSON | Wire transfer from Top Tier to Top Shelf (Chatfield) in the amount of $740,518.00 |
| 8 | 6/17/14 | WILKERSON | Wire transfer from Top Tier to KLN (Nicholson) in the amount of $133,018.00 |
| 9 | 6/17/14 | WILKERSON | Teller transfer in the amount of $93,649.00 to Terry Transport |
| 10 | 8/15/14 | WILKERSON | Wire payment from Central Rexall Drugs in the amount of $586,858.84 |
| 11 | 9/15/14 | WILKERSON | Wire payment from Central Rexall Drugs in the amount of $579,472.37 |
| 12 | 10/15/14 | WILKERSON | Wire payment from Central Rexall Drugs in the amount of $519,297.01 |
| 13 | 11/6/14 | WILKERSON | Wire transfer from Top Tier to BTG (Hindmon) in the amount of $128,993.73 |
| 14 | 11/14/14 | WILKERSON | Wire payment from Central Rexall Drugs in the amount of $420,311.60 |
| 15 | 12/15/14 | WILKERSON | Wire payment from Central Rexall Drugs in the amount of $532,892.79 |
| 16 | 1/5/15 | WILKERSON | Wire transfer from Top Tier to BTG (Hindmon) in the amount of $115,208.72 |
| 17 | 2/4/15 | WILKERSON | Wire transfer from Top Tier to KLN (Nicholson) in the amount of $104,327.93 |
| 18 | 2/13/15 | WILKERSON | Wire payment from Central Rexall Drugs in the amount of $176,693.15 |

| 19 | 10/26/15 | WILKERSON | Wire payment from Saige Medical to ARM, LLC, in the amount of $19,097.35 |
| 20 | 11/23/15 | WILKERSON | Wire payment from Saige Medical to ARM, LLC, in the amount of $15,180.51 |
| 21 | 1/28/16 | WILKERSON | Wire payment from Saige Medical to ARM, LLC, in the amount of $18,417.34 |
| 22 | 4/29/16 | WILKERSON | Wire payment from Saige Medical to ARM, LLC, in the amount of $17,501.29 |
| 23 | 6/9/16 | WILKERSON | Wire payment from Saige Medical to ARM, LLC, in the amount of $12,000.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

**COUNTS 24 THROUGH 48**
**MICHAEL CHATFIELD**
WIRE FRAUD
Title 18, United States Code, Section 1343

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, MICHAEL CHATFIELD, aided and abetted by others, devised, intended to devise, and participated in a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme described above, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DEFENDANT | WIRE COMMUNICATION |
|-------|------|-----------|--------------------|
| 24 | 4/3/14 | CHATFIELD | Faxed prescription for GF to Willow Pharmacy |
| 25 | 4/8/14 | CHATFIELD | Faxed prescription for MC to Willow Pharmacy |
| 26 | 4/24/14 | CHATFIELD | Faxed prescription for GF to Willow Pharmacy |
| 27 | 4/24/14 | CHATFIELD | Faxed prescription for NF to Willow Pharmacy |
| 28 | 5/7/14 | CHATFIELD | Faxed prescription for MC to Willow Pharmacy |
| 29 | 5/12/14 | CHATFIELD | Faxed prescription for JC to Willow Pharmacy |
| 30 | 5/29/14 | CHATFIELD | Faxed prescription for EB to Willow Pharmacy |
| 31 | 5/29/14 | CHATFIELD | Faxed prescription for HB to Willow Pharmacy |
| 32 | 5/29/14 | CHATFIELD | Faxed prescription for SB to Willow Pharmacy |

| 33 | 6/17/14 | CHATFIELD | Wire transfer from Top Tier to Top Shelf in the amount of $740,518.00 |
| 34 | 5/6/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 35 | 5/26/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 36 | 5/29/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 37 | 5/30/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 38 | 6/1/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 39 | 6/2/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 40 | 6/3/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 41 | 6/17/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 42 | 6/25/14 | CHATFIELD | Text exchange between MC and Kirtis Green |
| 43 | 9/11/14 | CHATFIELD | Text exchange between MC and George Striker |
| 44 | 9/13/14 | CHATFIELD | Text exchange between MC and George Striker |
| 45 | 9/17/14 | CHATFIELD | Text exchange between MC and George Striker |
| 46 | 9/26/14 | CHATFIELD | Text exchange between MC and George Striker |
| 47 | 10/1/14 | CHATFIELD | Text exchange between MC and George Striker |
| 48 | 11/25/14 | CHATFIELD | Faxed prescription for JM to Central Rexall |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNTS 49 THROUGH 59
### KASEY NICHOLSON
WIRE FRAUD
Title 18, United States Code, Section 1343

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, KASEY NICHOLSON, aided and abetted by others, devised, intended to devise, and participated in a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme described above, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DEFENDANT | WIRE COMMUNICATION |
|---|---|---|---|
| 49 | 3/8/14 | NICHOLSON | Faxed prescription for KN to Willow Pharmacy |
| 50 | 5/5/14 | NICHOLSON | Faxed prescription for KN to Willow Pharmacy |
| 51 | 5/12/14 | NICHOLSON | Faxed prescription for SP to Willow Pharmacy |
| 52 | 5/30/14 | NICHOLSON | Faxed prescription for SP to Willow Pharmacy |
| 53 | 10/30/14 | NICHOLSON | Faxed prescription for MP to FPS |
| 54 | 12/5/14 | NICHOLSON | Check 141 to Matthews Consulting, LLC, in the amount of $24,809.00 |
| 55 | 1/20/15 | NICHOLSON | Check 148 to Matthews Consulting, LLC, in the amount of $35,926.79 |
| 56 | 2/5/15 | NICHOLSON | Wire transfer to Matthews Consulting in the amount of $39,626.63 |
| 57 | 3/10/15 | NICHOLSON | Wire transfer to Matthews Consulting in the amount of $38,213.79 |
| 58 | 3/24/15 | NICHOLSON | Wire transfer to Matthews Consulting in the amount of $17,223.84 |
| 59 | 4/8/15 | NICHOLSON | Wire transfer to Matthews Consulting in the amount of $19,603.33 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 60 THROUGH 81
## BILLY HINDMON
### WIRE FRAUD
### Title 18, United States Code, Section 1343

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, BILLY HINDMON, aided and abetted by others, devised, intended to devise, and participated in a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme described above, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DEFENDANT | WIRE COMMUNICATION |
|---|---|---|---|
| 60 | 5/28/14 | HINDMON | Faxed prescription for HB to Willow Pharmacy |
| 61 | 6/17/14 | HINDMON | Wire Transfer to BTG Consulting from Top Tier in the amount of $109,066.00 |
| 62 | 6/17/14 | HINDMON | Check from BTG Consulting to JCM Marketing in the amount of $38,148.90 |
| 63 | 9/8/14 | HINDMON | Faxed prescription for JL to FPS |
| 64 | 9/29/14 | HINDMON | Wire Transfer to BTG Consulting from Top Tier in the amount of $50,355.54 |
| 65 | 9/29/14 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $11,347.00 |
| 66 | 11/5/14 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $12,405.00 |
| 67 | 11/6/14 | HINDMON | Wire Transfer to BTG Consulting from Top Tier in the amount of $128,993.73 |
| 68 | 11/12/14 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $28,129.49 |
| 69 | 11/14/14 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $11,905.00 |
| 70 | 12/4/14 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $51,905.00 |
| 71 | 12/5/14 | HINDMON | Wire Transfer from BTG Consulting to DAS Marketing, LLC in the amount of $14,737.00 |
| 72 | 12/11/14 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $23,656.78 |
| 73 | 12/19/14 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $13,592.00 |
| 74 | 1/5/15 | HINDMON | Wire Transfer to BTG Consulting from Top Tier in the amount of $115,208.72 |
| 75 | 1/6/15 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $32,331.00 |
| 76 | 1/7/15 | HINDMON | Wire Transfer from BTG Consulting to DAS Marketing, LLC in the amount of $18,434.00 |
| 77 | 1/13/15 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $22,400.00 |
| 78 | 1/20/15 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $24,909.00 |
| 79 | 2/4/15 | HINDMON | Wire Transfer to BTG Consulting from Top Tier in the amount of $90,066.00 |
| 80 | 2/4/15 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $28,242.00 |
| 81 | 2/19/15 | HINDMON | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $22,204.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

Page **12** of **34**

## COUNTS 82 THROUGH 108
## JAYSON MONTGOMERY
WIRE FRAUD
Title 18, United States Code, Section 1343

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, JAYSON MONTGOMERY, aided and abetted by others, devised, intended to devise a scheme to defraud and obtain money by means of materially false and fraudulent pretenses, representations and promises, for the purpose of executing the scheme described above, and attempting to do so, transmitted and caused to be transmitted by means of wire communication in interstate commerce writings, signs, signals, pictures, and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DEFENDANT | WIRE COMMUNICATION |
|-------|------|-----------|--------------------|
| 82 | 5/28/14 | MONTGOMERY | Faxed prescription for MV to Willow Pharmacy |
| 83 | 5/28/14 | MONTGOMERY | Faxed prescription for EH to Willow Pharmacy |
| 84 | 5/29/14 | MONTGOMERY | Faxed prescription for MV to Willow Pharmacy |
| 85 | 5/29/14 | MONTGOMERY | Faxed prescription for MV to Willow Pharmacy |
| 86 | 5/29/14 | MONTGOMERY | Faxed prescription for EH to Willow Pharmacy |
| 87 | 5/29/14 | MONTGOMERY | Faxed prescription for VV to Willow Pharmacy |
| 88 | 5/29/14 | MONTGOMERY | Faxed prescription for EV to Willow Pharmacy |
| 89 | 5/29/14 | MONTGOMERY | Faxed prescription for CV to Willow Pharmacy |
| 90 | 5/30/14 | MONTGOMERY | Faxed prescription for KC to Willow Pharmacy |
| 91 | 6/17/14 | MONTGOMERY | Check from BTG Consulting to JCM Marketing in the amount of $38,148.90 |
| 92 | 9/24/14 | MONTGOMERY | Faxed prescription for NQ to FPS |
| 93 | 9/29/14 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $11,347.00 |
| 94 | 10/22/14 | MONTGOMERY | Faxed prescription for ZR to FPS |
| 95 | 10/29/14 | MONTGOMERY | Faxed prescription for JG to Central Rexall |
| 96 | 10/29/14 | MONTGOMERY | Faxed prescription for BW to Central Rexall |
| 97 | 11/5/14 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $12,405.00 |
| 98 | 11/12/14 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $28,129.49 |

| 99 | 11/14/14 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $11,905.00 |
|-----|----------|------------|------------------------------------------------------------------------------|
| 100 | 11/26/14 | MONTGOMERY | Faxed prescription for JA to Central Rexall |
| 101 | 12/4/14 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $51,905.00 |
| 102 | 12/11/14 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $23,656.78 |
| 103 | 12/19/14 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $13,592.00 |
| 104 | 1/6/15 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $32,331.00 |
| 105 | 1/13/15 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $22,400.00 |
| 106 | 1/20/15 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $24,909.00 |
| 107 | 2/4/15 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $28,242.00 |
| 108 | 2/19/15 | MONTGOMERY | Wire Transfer from BTG Consulting to JCM Marketing in the amount of $22,204.00 |

All in violation of Title 18, United States Code, Sections 1343 and 2.

### COUNTS 109 THROUGH 113
### JERRY WAYNE WILKERSON
MAIL FRAUD
Title 18, United States Code, Section 1341

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the date listed below, in the Eastern District of Tennessee and elsewhere, the defendant, JERRY WAYNE WILKERSON, aided and abetted by others, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature, the above-described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud, the defendant knowingly caused to be delivered by a private and commercial interstate carrier and by United States mail, prescription topical creams from pharmacies on the following dates, and a postal money order, each delivery constituting a separate count:

Page **14** of **34**

| COUNT | DATE | DEFENDANT | MAILING |
|-------|------|-----------|---------|
| 109 | 5/28/14 | WILKERSON | UPS parcel for DS |
| 110 | 5/28/14 | WILKERSON | UPS parcel for NS |
| 111 | 6/9/14 | WILKERSON | Postal Money Order for Co-pay |
| 112 | 6/27/14 | WILKERSON | UPS parcel for DS |
| 113 | 7/1/14 | WILKERSON | UPS parcel for NS |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 114 THROUGH 123
## MICHAEL CHATFIELD
MAIL FRAUD
Title 18, United States Code, Section 1341

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, MICHAEL CHATFIELD, aided and abetted by others, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature, the above described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing or attempting to execute the above described scheme and artifice to defraud, the defendant knowingly caused to be delivered by a private and commercial interstate carrier and by United States mail, prescription topical creams from pharmacies on the following dates, and a postal money order, each delivery constituting a separate count:

| COUNT | DATE | DEFENDANT | MAILING |
|-------|------|-----------|---------|
| 114 | 4/7/14 | CHATFIELD | UPS parcel for GF |
| 115 | 4/30/14 | CHATFIELD | UPS parcel for GF |
| 116 | 5/7/14 | CHATFIELD | UPS parcel for GF |
| 117 | 5/9/14 | CHATFIELD | UPS parcel for MC |
| 118 | 5/30/14 | CHATFIELD | UPS parcel for GF |
| 119 | 6/3/14 | CHATFIELD | UPS parcel for GF |
| 120 | 6/3/14 | CHATFIELD | UPS parcel for HB |
| 121 | 6/4/14 | CHATFIELD | UPS parcel for EB |
| 122 | 6/4/14 | CHATFIELD | UPS parcel for SB |
| 123 | 6/9/14 | CHATFIELD | Postal Money Order for Co-pay |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 124 THROUGH 129
## KASEY NICHOLSON
MAIL FRAUD
Title 18, United States Code, Section 1341

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern

District of Tennessee and elsewhere, the defendant, KASEY NICHOLSON, aided and abetted by

others, with the intent to defraud, devised and willfully participated in, with knowledge of its

fraudulent nature, the above described scheme and artifice to defraud and obtain money by

materially false and fraudulent pretenses, representations, and promises, and for the purpose of

executing or attempting to execute the above described scheme and artifice to defraud, the

defendant knowingly caused to be delivered by a private and commercial interstate carrier,

prescription topical creams from pharmacies on the following dates, each delivery constituting a

separate count:

| COUNT | DATE | DEFENDANT | MAILING |
|---|---|---|---|
| 124 | 3/13/14 | NICHOLSON | UPS parcel to KN |
| 125 | 4/30/14 | NICHOLSON | UPS parcel to KN |
| 126 | 5/9/14 | NICHOLSON | UPS parcel to KN |
| 127 | 5/16/14 | NICHOLSON | UPS parcel to KN |
| 128 | 5/23/14 | NICHOLSON | UPS parcel to KN |
| 129 | 6/5/14 | NICHOLSON | UPS parcel to KN |

All in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNTS 130 THROUGH 134
## BILLY HINDMON
MAIL FRAUD
Title 18, United States Code, Section 1341

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern

District of Tennessee and elsewhere, the defendant, BILLY HINDMON, aided and abetted by others, with the intent to defraud, devised and willfully participated in, with knowledge of its fraudulent nature, the above described scheme and artifice to defraud and obtain money by materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing or attempting to execute the above described scheme and artifice to defraud, the defendant knowingly caused to be delivered by a private and commercial interstate carrier, prescription topical creams from pharmacies on the following dates, each delivery constituting a separate count:

| COUNT | DATE | DEFENDANT | MAILING |
|---|---|---|---|
| 130 | 5/30/14 | HINDMON | UPS parcel to HB |
| 131 | 9/13/14 | HINDMON | US Postal Service parcel to JL |
| 132 | 10/15/14 | HINDMON | UPS parcel to JL |
| 133 | 10/30/14 | HINDMON | UPS parcel to JL |
| 134 | 11/11/14 | HINDMON | UPS parcel to JL |

All in violation of Title 18, United States Code, Sections 1341 and 2.

**COUNT 135**
**JERRY WAYNE WILKERSON**
HEALTH CARE FRAUD
Title 18, United States Code, Section 1347

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that from in or about April 2014, and continuing until in or about February 2015, the defendant, JERRY WAYNE WILKERSON, aided and abetted by others, in the Eastern District of Tennessee and elsewhere, knowingly and willfully executed, attempted to execute, and participated in the above-described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by 18 U.S.C. Section 24(b), and to obtain money and property owned by, and under the custody and control of, said health care benefit programs.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 136
## JERRY WAYNE WILKERSON
HEALTH CARE FRAUD
Title 18, United States Code, Section 1347

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that from in or about September 2015, and continuing until in or about May 2016, the defendant, JERRY WAYNE WILKERSON, aided and abetted by others, in the Eastern District of Tennessee and elsewhere, knowingly and willfully executed, attempted to execute, and participated in the above-described scheme and artifice to defraud a health care benefit program affecting commerce, as defined by 18 U.S.C. Section 24(b), and to obtain money and property owned by, and under the custody and control of, said health care benefit program.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 137
## MICHAEL CHATFIELD
HEALTH CARE FRAUD
Title 18, United States Code, Section 1347

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that from in or about April 2014, and continuing until in or about February 2015, the defendant, MICHAEL CHATFIELD, aided and abetted by others, in the Eastern District of Tennessee and elsewhere, knowingly and willfully executed, attempted to execute, and participated in the above described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by 18 U.S.C. Section 24(b), and to obtain money and property owned by, and under the custody and control of, said health care benefit programs.

All in violation of Title 18, United States Code, Sections 1347 and 2.

Case 1:18-cr-00011-TRM-CHS     Document 131     Filed 05/29/19     Page 18 of 34
PageID #: 584

## COUNT 138
## KASEY NICHOLSON
HEALTH CARE FRAUD
Title 18, United States Code, Section 1347

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that from in or about April 2014, and continuing until in or about February 2015, the defendant, KASEY NICHOLSON, aided and abetted by others, in the Eastern District of Tennessee and elsewhere, knowingly and willfully executed, attempted to execute, and participated in the above described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by 18 U.S.C. Section 24(b), and to obtain money and property owned by, and under the custody and control of, said health care benefit programs.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 139
## BILLY HINDMON
HEALTH CARE FRAUD
Title 18, United States Code, Section 1347

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that from in or about May 2014, and continuing until in or about February 2015, the defendant, BILLY HINDMON, aided and abetted by others, in the Eastern District of Tennessee and elsewhere, knowingly and willfully executed, attempted to execute, and participated in the above described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by 18 U.S.C. Section 24(b), and to obtain money and property owned by, and under the custody and control of, said health care benefit programs.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 140
## JAYSON MONTGOMERY
HEALTH CARE FRAUD
Title 18, United States Code, Section 1347

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that from in or about May 2014, and continuing until in or about February 2015, the defendant, JAYSON MONTGOMERY, aided and abetted by others, in the Eastern District of Tennessee and elsewhere, knowingly and willfully executed, attempted to execute, and participated in the above described scheme and artifice to defraud health care benefit programs affecting commerce, as defined by 18 U.S.C. Section 24(b), and to obtain money and property owned by, and under the custody and control of, said health care benefit programs.

All in violation of Title 18, United States Code, Sections 1347 and 2.

## COUNTS 141 THROUGH 146
## JERRY WAYNE WILKERSON
PAYMENT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(2)

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, JERRY WAYNE WILKERSON, aided and abetted by others, did knowingly and willfully offer to pay and did pay remuneration directly and indirectly, overtly and covertly, in cash and in kind to others, to induce them to refer individuals to health care professionals and compounding pharmacies for the furnishing and arranging for the furnishing of prescription compounded drugs, payment for which was made in whole and in part under a Federal health care program, namely, TRICARE; and to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering prescription compounded drugs which payment may be made in whole or in part under a Federal health care program, namely,

TRICARE, each payment, a portion of which is attributable under a Federal health care program,

forming a separate count:

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 141 | BTG from Top Tier | 11/3/14 | $32,770.00 |
| 142 | Top Shelf from Top Tier | 11/5/14 | $205,351.60 |
| 143 | Top Shelf from Top Tier | 11/18/14 | $162,475.46 |
| 144 | KLN from Top Tier | 12/4/14 | $75,904.37 |
| 145 | BTG from Top Tier | 12/4/14 | $100,136.49 |
| 146 | KLN from Top Tier | 1/13/15 | $38,065.53 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(2) and Title 18,

United States Code, Section 2.

### COUNTS 147 THROUGH 150
### MICHAEL CHATFIELD
PAYMENT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(2)

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern

District of Tennessee and elsewhere, the defendant, MICHAEL CHATFIELD, aided and abetted

by others, did knowingly and willfully offer to pay and did pay remuneration directly and

indirectly, overtly and covertly, in cash and in kind to others, to induce them to refer individuals

to health care professionals and compounding pharmacies for the furnishing and arranging for

the furnishing of prescription compounded drugs, payment for which was made in whole and in

part under a Federal health care program, namely, TRICARE; and to purchase, lease, order, or

arrange for or recommend purchasing, leasing, or ordering prescription compounded drugs

which payment may be made in whole or in part under a Federal health care program, namely,

TRICARE, each payment, a portion of which is attributable under a Federal health care program,

forming a separate count:

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 147 | Josh Morgan from Top Shelf | 12/12/14 | $19,000.00 |
| 148 | Amanda Mills from Top Shelf | 12/15/14 | $23,800.00 |
| 149 | Amanda Mills from Top Shelf | 1/15/15 | $16,800.00 |
| 150 | JM Elite from Top Shelf | 1/16/15 | $314,000.00 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(2) and Title 18,

United States Code, Section 2.

**COUNTS 151 THROUGH 154**
**KASEY NICHOLSON**
PAYMENT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(2)

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern

District of Tennessee and elsewhere, the defendant, KASEY NICHOLSON, aided and abetted by

others, did knowingly and willfully offer to pay and did pay remuneration directly and indirectly,

overtly and covertly, in cash and in kind to others, to induce them to refer individuals to health

care professionals and compounding pharmacies for the furnishing and arranging for the

furnishing of prescription compounded drugs, payment for which was made in whole and in part

under a Federal health care program, namely, TRICARE; and to purchase, lease, order, or

arrange for or recommend purchasing, leasing, or ordering prescription compounded drugs

which payment may be made in whole or in part under a Federal health care program, namely,

TRICARE, each payment, a portion of which is attributable under a Federal health care program,

forming a separate count:

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 151 | Matthews Consulting from KLN | 12/5/14 | $24,809.00 |
| 152 | Matthews Consulting from KLN | 12/11/14 | $5,000.00 |
| 153 | Matthews Consulting from KLN | 1/20/15 | $35,926.79 |
| 154 | Matthews Consulting from KLN | 3/10/15 | $38,213.79 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(2) and Title 18, United States Code, Section 2.

### COUNTS 155 AND 156
### BILLY HINDMON
PAYMENT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(2)

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the dates listed below, in the Eastern District of Tennessee and elsewhere, the defendant, BILLY HINDMON, aided and abetted by others, did knowingly and willfully offer to pay and did pay remuneration directly and indirectly, overtly and covertly, in cash and in kind to others, to induce them to refer individuals to health care professionals and compounding pharmacies for the furnishing and arranging for the furnishing of prescription compounded drugs, payment for which was made in whole and in part under a Federal health care program, namely, TRICARE; and to purchase, lease, order, or arrange for or recommend purchasing, leasing, or ordering prescription compounded drugs which payment may be made in whole or in part under a Federal health care program, namely, TRICARE, each payment, a portion of which is attributable under a Federal health care program, forming a separate count:

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 155 | JCM Marketing from BTG | 12/4/14 | $51,905.00 |
| 156 | JCM Marketing from BTG | 2/4/15 | $28,242.00 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(2) and Title 18, United States Code, Section 2.

## COUNTS 157 THROUGH 159
## JERRY WAYNE WILKERSON
RECEIPT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(1)

Paragraphs 1 through 17 are incorporated herein by reference.

On or about the dates set forth below, with respect to each count, in the Eastern District of Tennessee and elsewhere, the defendant, JERRY WAYNE WILKERSON, aided and abetted by others, did knowingly and willfully solicit and receive remuneration, directly and indirectly, overtly and covertly, in cash and in kind, as set forth below, in return for referring an individual to health care professionals and compounding pharmacies for the furnishing and arranging of prescription compounded drugs for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering prescription compounded drugs for which payment can be made in whole and in part under a Federal health care program, that is, TRICARE, each remuneration, a portion of which is attributable under a Federal health care program, forming a separate count:

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 157 | Top Tier from Central Rexall | 11/14/14 | $420,311.60 |
| 158 | Top Tier from Soothe | 12/10/14 | $355,189.00 |
| 159 | Top Tier from FPS | 1/28/15 | $728,660.47 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1) and Title 18, United States Code, Section 2.

## COUNTS 160 AND 161
## MICHAEL CHATFIELD
RECEIPT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(1)

Paragraphs 1 through 17 are incorporated herein by reference.

On or about the dates set forth below, with respect to each count, in the Eastern District

of Tennessee and elsewhere, the defendant, MICHAEL CHATFIELD, aided and abetted by others, did knowingly and willfully solicit and receive remuneration, directly and indirectly, overtly and covertly, in cash and in kind, as set forth below, in return for referring an individual to health care professionals and compounding pharmacies for the furnishing and arranging of prescription compounded drugs for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering prescription compounded drugs for which payment can be made in whole and in part under a Federal health care program, that is, TRICARE, each remuneration, a portion of which is attributable under a Federal health care program, forming a separate count:

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 160 | Top Shelf from Top Tier | 11/5/14 | $205,351.60 |
| 161 | Top Shelf from Top Tier | 11/18/14 | $162,475.46 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1) and Title 18, United States Code, Section 2.

## COUNTS 162 AND 163
## KASEY NICHOLSON
RECEIPT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(1)

Paragraphs 1 through 17 are incorporated herein by reference.

On or about the dates set forth below, with respect to each count, in the Eastern District of Tennessee and elsewhere, the defendant, KASEY NICHOLSON, aided and abetted by others, did knowingly and willfully solicit and receive remuneration, directly and indirectly, overtly and covertly, in cash and in kind, as set forth below, in return for referring an individual to health care professionals and compounding pharmacies for the furnishing and arranging of prescription compounded drugs for which payment may be made in whole and in part under a Federal health

care program, that is, TRICARE; and in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering prescription compounded drugs for which payment can be made in whole and in part under a Federal health care program, that is, TRICARE, each remuneration, a portion of which is attributable under a Federal health care program, forming a separate count:

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 162 | KLN from Top Tier | 12/4/14 | $75,904.37 |
| 163 | KLN from Top Tier | 1/13/15 | $38,065.53 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1) and Title 18, United States Code, Section 2.

**COUNTS 164 AND 165**
**BILLY HINDMON**
RECEIPT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(1)

Paragraphs 1 through 17 are incorporated herein by reference.

On or about the dates set forth below, with respect to each count, in the Eastern District of Tennessee and elsewhere, the defendant, BILLY HINDMON, aided and abetted by others, did knowingly and willfully solicit and receive remuneration, directly and indirectly, overtly and covertly, in cash and in kind, as set forth below, in return for referring an individual to health care professionals and compounding pharmacies for the furnishing and arranging of prescription compounded drugs for which payment may be made in whole and in part under a Federal health care program, that is, TRICARE; and in return for purchasing, leasing, ordering, and arranging for and recommending purchasing, leasing, and ordering prescription compounded drugs for which payment can be made in whole and in part under a Federal health care program, that is, TRICARE, each remuneration, a portion of which is attributable under a Federal health care program, forming a separate count:

Case 1:18-cr-00011-TRM-CHS    Document 131    Filed 05/29/19    Page 26 of 34
PageID #: 592

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 164 | BTG Consulting from Top Tier | 11/3/14 | $32,770.00 |
| 165 | BTG Consulting from Top Tier | 12/4/14 | $100,136.49 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1) and Title 18,

United States Code, Section 2.

**COUNTS 166 AND 167**
**JAYSON MONTGOMERY**
RECEIPT OF ILLEGAL REMUNERATION
Title 42, United States Code, Section 1320a-7b(b)(1)

Paragraphs 1 through 17 are incorporated herein by reference.

On or about the dates set forth below, with respect to each count, in the Eastern District

of Tennessee and elsewhere, the defendant, JAYSON MONTGOMERY, aided and abetted by

others, did knowingly and willfully solicit and receive remuneration, directly and indirectly,

overtly and covertly, in cash and in kind, as set forth below, in return for referring an individual

to health care professionals and compounding pharmacies for the furnishing and arranging of

prescription compounded drugs for which payment may be made in whole and in part under a

Federal health care program, that is, TRICARE; and in return for purchasing, leasing, ordering,

and arranging for and recommending purchasing, leasing, and ordering prescription compounded

drugs for which payment can be made in whole and in part under a Federal health care program,

that is, TRICARE, each remuneration, a portion of which is attributable under a Federal health

care program, forming a separate count:

| COUNT | RECIPIENT | DATE | AMOUNT OF PAYMENT |
|-------|-----------|------|-------------------|
| 166 | JCM Marketing from BTG Consulting | 12/4/14 | $51,905.00 |
| 167 | JCM Marketing from BTG Consulting | 2/4/15 | $28,242.00 |

All in violation of Title 42, United States Code, Section 1320a-7b(b)(1) and Title 18,

United States Code, Section 2.

### COUNTS 168 THROUGH 171
### MICHAEL CHATFIELD
AGGRAVATED IDENTITY THEFT
Title 18, United States Code, Section 1028A

Paragraphs 1 through 17 are incorporated herein by reference.

The Grand Jury further charges that on or about the following dates, in the Eastern

District of Tennessee, the defendant, MICHAEL CHATFIELD, aided and abetted by others, did

knowingly possess and use, without lawful authority, a means of identification of another person,

knowing that the means of identification belonged to another actual person, that is, the names

and other means of identification of individuals whose names have been revealed to the Grand

Jury, during, and in relation to, the felony violations of Mail Fraud, Wire Fraud, Health Care

Fraud, and Conspiracy, in violation of Title 18 United States Code, Sections 1341, 1343, 1347,

and 1349, each use constituting a separate count:

| COUNT | DATE | IDENTIFICATION USED |
|-------|------|---------------------|
| 168 | 4/24/14 | Name of "GF" on a fax to Willow Pharmacy |
| 169 | 5/29/14 | Name of "EB" on a fax to Willow Pharmacy |
| 170 | 5/29/14 | Name of "HB" on a fax to Willow Pharmacy |
| 171 | 5/29/14 | Name of "SB" on a fax to Willow Pharmacy |

All in violation of Title 18, United States Code, Sections 1028A and 2.

### COUNT 172
### JERRY WAYNE WILKERSON
MONEY LAUNDERING
Title 18, United States Code, Section 1957

Paragraphs 1 through 17 are incorporated herein by reference.

On or about the date listed below, in the Eastern District of Tennessee and elsewhere, the

defendant, JERRY WAYNE WILKERSON, aided and abetted by others, did knowingly engage

and attempt to engage in a monetary transaction by, through or to a financial institution, affecting

interstate commerce, as described below, the transaction knowingly involving criminally derived

property of a value greater than $10,000, such property having been derived from a specified

Page **28** of **34**

unlawful activity, that is, Mail Fraud, Wire Fraud, Health Care Fraud, and Conspiracy, in violation of Title 18, United States Code, Sections 1341, 1343, 1347, and 1349:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 172 | 6/17/14 | Wire transfer issued to Terry Transport in the amount of $93,649.00 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

**COUNTS 173 THROUGH 177**
**MICHAEL CHATFIELD**
MONEY LAUNDERING
Title 18, United States Code, Section 1957

Paragraphs 1 through 17 are incorporated herein by reference.

On or about the dates listed below for each count, in the Eastern District of Tennessee and elsewhere, the defendant, MICHAEL CHATFIELD, aided and abetted by others, did knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate commerce, as described below, each such transaction knowingly involving criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is, Mail Fraud, Wire Fraud, Health Care Fraud, and Conspiracy, in violation of Title 18, United States Code, Sections 1341, 1343, 1347, and 1349, each transaction constituting a separate count as set forth below:

| COUNT | DATE | MONETARY TRANSACTION |
|-------|------|----------------------|
| 173 | 5/30/14 | Check #1010 issued to Michael Chatfield in the amount of $30,000.00 |
| 174 | 6/20/14 | Check #1030 issued to Ryan McGowan in the amount of $17,000.00 |
| 175 | 7/2/14 | Check #1033 issued to Michael Chatfield in the amount of $250,000.00 |
| 176 | 7/26/14 | Check #2727 issued for payment on 2014 Toyota 4Runner, in the amount of $49,934.14 |
| 177 | 2/4/15 | Check #1167 issued for payment on 2015 Cadillac Escalade, in the amount of $99,566.38 |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT 178
## BILLY HINDMON AND JAYSON MONTGOMERY
### CONSPIRACY TO COMMIT MONEY LAUNDERING, MAIL FRAUD, WIRE FRAUD AND HEALTH CARE FRAUD
### Title 18, United States Code, Section 371

Paragraphs 1 through 17 are incorporated herein by reference.

From in or about May 2014, through in or about June 2014, in the Eastern District of Tennessee and elsewhere, the defendants, BILLY HINDMON and JAYSON MONTGOMERY, did willfully and knowingly combine, conspire, confederate and agree with each other and others known to the Grand Jury, to commit offenses against the United States, that is, to violate Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), that is to conduct a financial transaction, which transaction involved the proceeds of unlawful activity, that is, Mail Fraud, Wire Fraud and Health Care Fraud as listed above, in violation of Title 18, United States Code, Sections 1341, 1343 and 1347, knowing that the property involved in said transaction represented the proceeds of some form of unlawful activity, with the intent to promote the carrying on of the specified unlawful activities, and knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership or control of the specified unlawful activities.

### *PURPOSE OF THE CONSPIRACY*

It was a purpose of the conspiracy for the defendants to unlawfully enrich themselves by offering and paying kickbacks to customers who were ordering compounded drugs, including topical creams, and to pay the co-pay for the customers.

### *MANNER AND MEANS OF THE CONSPIRACY*

The manner and means by which the defendants sought to accomplish the objects and purpose of the conspiracy included, among others, the following:

The defendant, JAYSON MONTGOMERY, through JCM Marketing, solicited individuals to purchase compounded drugs, drugs which were exorbitantly priced and for which there was little if any medical necessity.

The defendant, JAYSON MONTGOMERY, through another, recruited customers and offered to pay customers to order the compounded drugs, under the guise of a study or an evaluation, and informed the customers that they would have no out of pocket expense.

The defendant, JAYSON MONTGOMERY, through another, then asked the customers to sign up for the compounded drugs, never revealing the true cost of the drugs.

The defendant, JAYSON MONTGOMERY, through another, then collected health insurance information from the customers. After the insurance information was collected, the defendant, JAYSON MONTGOMERY, or someone on his behalf, sent the order forms and information from the Middle District of Tennessee to the Eastern District of Tennessee. Upon receiving the information from the customers in the Eastern District of Tennessee, an order was then placed with a compounding pharmacy in Louisiana. The pharmacy then sent via commercial carrier the topical creams to the customers in the Middle District of Tennessee.

When the customers received a co-pay demand from the pharmacy, the customers were told that the defendant, JAYSON MONTGOMERY, would rectify the situation. Later, the defendants, BILLY HINDMON and JAYSON MONTGOMERY, met with the customers in the Middle District of Tennessee. The defendants brought with them money orders totaling $1,490.85 (the amount of the co-pay) and presented those money orders to one of the customers. That customer signed the money orders and returned them to the defendant, BILLY HINDMON. When that customer complained that she had not been provided the promised money for ordering the creams, the defendant, BILLY HINDMON, removed approximately $700 in United States currency from his pocket and paid it to the customer.

Page **31** of **34**

*OVERT ACTS*

In furtherance of the conspiracy, and to accomplish its objects and purpose, at least one of the conspirators committed and caused to be committed, in the Eastern District of Tennessee, and elsewhere, at least one of the following overt acts, among others:

In or about May 2014, an individual solicited customers in the Middle District of Tennessee to order compounded medications.

In or about May 2014, after the customer completed the paperwork to order the creams, including providing health insurance information for the customer and her family, the forms were returned to an individual in the Middle District of Tennessee.

In or about May 2014, an individual then sent the forms from the Middle District of Tennessee to the Eastern District of Tennessee.

In or about May 2014, in the Eastern District of Tennessee, prescription order forms from the customers were faxed to a pharmacy in Louisiana.

In or about June 2014, the customers in the Middle District of Tennessee received the creams from the pharmacy.

In or about June 2014, the defendant, BILLY HINDMON, in the Eastern District of Tennessee, received commission payments for the creams sent to the customers in the Middle District of Tennessee.

In or about June 2014, the defendant, BILLY HINDMON, from his bank account in the Eastern District of Tennessee, paid to the defendant, JAYSON MONTGOMERY, a commission for the creams ordered by the customers in the Middle District of Tennessee.

In or about June 2014, the defendants, BILLY HINDMON and JAYSON MONTGOMERY, then met with one of the customers (who had complained that she was being charged a co-pay) and gave to her money orders made out to the pharmacy in order to pay the

Page **32** of **34**

Case 1:18-cr-00011-TRM-CHS    Document 131    Filed 05/29/19    Page 32 of 34
PageID #: 598

co-pay.

In or about June 2014, the defendant, BILLY HINDMON, then took from the customer the money orders, and at the same time gave the customer approximately $700 for the customer's (and her family's) ordering of the creams.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS
### MAIL FRAUD, WIRE FRAUD, HEALTH CARE FRAUD, ILLEGAL REMUNERATION, AND MONEY LAUNDERING, AND CONSPIRACY

The allegations contained in Counts 1 through 167 and 172 through 178, are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of these offenses in violation of Title 18, United States Code, Sections 371, 1341, 1343, 1347, 1349, and 1957, and Title 42, United States Code, Section 1320a-7b(b)(1) and (2), set forth above, the defendants, JERRY WAYNE WILKERSON, MICHAEL CHATFIELD, KASEY NICHOLSON, BILLY HINDMON and JAYSON MONTGOMERY, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982, 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or physical, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses.

The property to be forfeited includes, but is not limited to, the following:

a) A personal money judgment in favor of the United States and against the defendants, JERRY WAYNE WILKERSON, MICHAEL CHATFIELD, KASEY NICHOLSON, BILLY HINDMON and JAYSON MONTGOMERY, in the amount traceable to the proceeds of the above referenced offenses, representing the amount of money that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the defendant's violations of Title 18, United States Code, Sections 371, 1341, 1343,

Page **33** of **34**

1347, 1349, and 1957, and Title 42, United States Code, Section 1320a-7b(b)(1) and (2).

b) 2015 Cadillac Escalade Platinum bearing VIN 1GYS4PKJ5FR590576 belonging to MICHAEL CHATFIELD.

c) 2014 Toyota 4Runner bearing VIN JTEBU5JR8E5193883 belonging to MICHAEL CHATFIELD.

If any of the properties described above, as a result of any act or omission of the

defendants:

a) cannot be located upon the exercise of due diligence;

b) has been transferred or sold to, or deposited with, a third party;

c) has been placed beyond the jurisdiction of the court;

d) has been substantially diminished in value; or

e) has been commingled with other property which cannot be divided without

difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p) and Title 18, United States Code, Section

982(b)(1).

A TRUE BILL

GRAND JURY FOREPERSON

J. DOUGLAS OVERBEY
United States Attorney

By: _____
Perry H. Piper
Assistant U. S. Attorney

Page **34** of **34**